FILED
CLERK
8/11/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

PRAKASH MELWANI,

*Plaintiff*,

-against-

KISS NAIL PRODUCTS, INC., IVY ENTERPRISES, INC., YONG JIN CHANG and DAVID CHUNG,

*Defendants*.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

26-cv-03533 (GRB)(JMW)

**WICKS**, Magistrate Judge:

This action arises out of allegations by Prakash Melwani ("Plaintiff") of trademark infringement, trademark dilution, and false advertising against Defendants Kiss Nail Products, Inc. ("Kiss Nail"), Ivy Enterprises, Inc. ("Ivy", and together with Kiss Nail, the "Corporate Defendants"), Yong Jin Chang ("Y. Chang"), and David Chung ("D. Chang", and together with Y. Chang, the "Individual Defendants"). (*See generally*, ECF No. 1.) Now before the Court is a motion to seal filed by the Corporate Defendants, seeking to seal two previous settlement agreements between the parties and specific sections of their Answer, which includes a Counterclaim that describes those settlements. (ECF No. 19.) Specifically, the Corporate Defendants seek to seal "confidential settlement terms" on the sole basis that the agreements contain a "confidentiality provision that limits what the parties may publicly state about the terms" and that "[p]ublic disclosure of such terms may impact the confidentiality terms potential partners would be willing to accept in future negotiations, or chill parties' willingness to settle matters." (*Id.* at 2.) Plaintiff represented that he is not opposing this application. (*See* Electronic

Order dated 8/6/2026.) For the reasons that follow, Corporate Defendants' Motion to Seal (ECF No. 19) is **DENIED**.

**THE LEGAL FRAMEWORK**

The public right of access is long embedded in our Country's history. Indeed, that concept existed well before the right appeared in our Constitution. "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution. That right includes 'a general right to inspect and copy' such judicial documents." *Mirlis v. Greer,* 952 F.3d 51, 58-59 (2d Cir. 2020) (internal citations omitted).

It is now axiomatic that there is a presumption of public access to judicial documents and records. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history"); *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, No. 24-CV-07058 (SJB) (JMW), 2025 WL 1384157, at *1 (E.D.N.Y. May 13, 2025). However, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Whether right of access to court proceedings and records is overcome, "depends on the nature of the proceeding, not on the personal characteristics of the litigant." *Hartford Courant Co., LLC v. Carroll,* 986 F.3d 211, 219 (2d Cir. 2021). It matters not that the parties agree amongst themselves to have documents sealed. Rather, the public's interest and right to judicial access is

as much at stake. *See Lask v. Fallon*, No. 24-CV-04751 (JMW), 2025 WL 1920366, at *2 (E.D.N.Y. July 11, 2025).

This right, however, is not absolute as a party may move to seal judicial records. Yet motions to seal must be "'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)); *see Lugosch*, 435 F.3d at 119. Indeed, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc*., 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig*., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted) ("The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection . . . broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."). "An order restricting public access to judicial documents must be based upon specific, on-the-record findings that sealing is necessary to preserve the asserted interest. Additionally, any order to seal must be 'narrowly tailored to achieve that aim.'" *P&L Dev., LLC v. Gerber Prods. Co.*, No. 21-CV-5382 (MKB)(AYS), 2022 WL 1441999, at *2 (E.D.N.Y. May 6, 2022), *report and recommendation adopted sub nom. P & L Dev., LLC v. Gerber Prods. Co.*, No. 21-CV-5382 (NG) (AS), 2024 WL 1072394 (E.D.N.Y. Mar. 11, 2024) (quoting *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019)).

The Second Circuit in *Lugosch* adopted a three-part analysis to guide district courts when determining whether documents filed in a case can and should be placed under seal. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *2; *see Lugosch*, 435 F.3d at 119–20; *see*

*also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010). *First*, the court "must determine whether documents are judicial documents that are relevant to the performance of the judicial function and useful in the judicial process." *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted). *Second*, the Court must weigh the presumption of access attached to the documents in question. *See id.* (citing *Lugosch*, 435 F.3d. at 119–120). And *third*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See id.* (citing *Lugosch*, 435 F.3d. at 120); *see also Zou v. Han*, No. 23-CV-02370 (JMA) (JMW), 2024 WL 1704704, at *3 (E.D.N.Y. Apr. 19, 2024) (quoting *Nixon,* 435 U.S. at 599)(The question of whether documents are sealed is ultimately left to the sound discretion of the district court, which should "be exercised in light of the relevant facts and circumstances of the particular case.") "Higher values that may justify redactions include 'the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure,' as well as '[f]inancial records ..., family affairs, illnesses, [and] embarrassing conduct with no public ramifications.'" *United States v. Greenwood*, 145 F.4th 248, 256 (2d Cir. 2025) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

## DISCUSSION

The facts presented here are considered in light of each of the *Lugosch* factors addressed below.

### *I. The Settlement Agreements and the Corporate Defendants' Answer and Counterclaim are Indeed "Judicial Documents"*

"A judicial document is not simply a document filed with the court, but one that is 'relevant to the performance of the judicial function and useful in the judicial process.'"

*Cantinieri v. Versick Analytics, Inc.*, No. 21-cv-6911 (NJC) (JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) (quoting *Lugosch*, 435 F.3d at 115) (citation omitted).

> As our precedent makes clear, a court "perform[s] the judicial function" not only when it rules on motions currently before it, but also when properly exercising its inherent "supervisory powers." A document is thus "relevant to the performance of the judicial function" if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision. Accordingly, if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches.

*Brown*, 929 F.3d at 49 (emphasis in original).

As such, judicial documents that are tantamount to performance of Article III functions likely carry a strong presumption of access whereas documents that are insignificant in helping a court reach an adjudicative decision demonstrate a low presumption of access. *See Amodeo*, 71 F.3d at 1049–50; *see also Bernsten*, 307 F. Supp. 3d at 166 (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 166–67 (2d Cir. 2013) ("[A] court must evaluate 'the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding' and 'whether access to the [document] would materially assist the public in understanding the issues[.']")).

"Pleadings are judicial documents which are subject to a strong presumption of public access." *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147 (KAM)(CLP), 2019 WL 3753780, at *3 (E.D.N.Y. Aug. 8, 2019) ("The requests to file the parties' Answers under seal are therefore denied. To the extent that any of the parties believe any specific section of the Answers contains trade secrets or confidential business information, ... the parties may jointly agree to redact such information before filing the Answers on the public docket.") Such pleadings include answers and counterclaims which are "unquestionably judicial documents."

*Bronx Conservatory of Music, Inc. v. Kwoka*, No. 21-CV-1732 (AT) (BCM), 2021 WL 2850632, at *2 (S.D.N.Y. July 8, 2021) (collecting cases).

Here, Corporate Defendant seeks to file certain portions of their Answer under seal as well as two exhibits attached thereto. (*See* ECF Nos. 19-1 at 28–31; 19-2, 19-3.) The Answer clearly qualifies as a judicial document. *See Kwoka*, 2021 WL 2850632, at *2. The question then turns to whether the settlement agreements are also judicial documents. By the Corporate Defendants' own admission in their filing, the settlement agreements they seek to seal from the public "form the basis of Defendant's breach of contract counterclaim." (ECF No. 19 at 2.) Where the Corporate Defendants ask the Court to "resolve a dispute by relying on the very Agreements [they seek] to shield from public view[,]" such settlement agreements are "'judicial documents' under Second Circuit doctrine." *Bernsten*, 307 F. Supp. 3d at 166–67; *see also Posada v. E. Coast Cap.*, No. 23-CV-01579 (RER) (JMW), 2024 WL 4728633, at *2 (E.D.N.Y. Nov. 8, 2024) (collecting cases and finding that "[s]ettlement agreements submitted to the court in connection with a motion are unquestionably a judicial document.").

Therefore, the settlement agreements and the Corporate Defendants' Answer are judicial documents. As such, the Court next considers whether there is a presumption of access associated with the documents and whether there are any countervailing concerns. *See Lugosch*, 435 F.3d at 119.

## ***II. <u>Presumption of Access Associated with the Documents</u>***

Judicial documents are presumptively subject to public inspection. *Amodeo*, 71 F.3d at 1047. "The presumption of public access exists along a continuum." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022). "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,'… and is weaker where the 'documents play only a negligible role in the performance of Article III duties[.]'" *Id.* (citing *Amodeo*, 71 F.3d at

1049-50). Indeed, where documents "directly affect an adjudication," or are used to determine the substantive rights of the parties, the presumption of access is "at its zenith" and can only be overcome by extreme circumstances. *42West LLC v. Gould*, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024).

Because the Answer and the exhibits attached are considered a part of the pleadings in this case, a strong presumption of public access attaches. *See Kwoka*, 2021 WL 2850632, at *2 ("The weight of the presumption is 'heavy' when a party seeks to seal a pleading, which is a 'core' judicial document.") (citations omitted); *see also Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235 (JPO)(KHP), 2024 WL 3887152, at *2 (S.D.N.Y. Aug. 20, 2024) (finding that amended answers and counterclaims "are judicial documents to which a strong presumption of public access attaches"); *see also Uni-Sys., LLC*, 2019 WL 3753780, at *3 (finding that "Answers that either confirm or deny allegations made in the Complaint are responsive pleadings" to which "a strong presumption of public access" attaches). The settlement agreements submitted as exhibits, as noted previously, are relied upon by the Corporate Defendant's to make out their claims. (ECF No. 19 at 2.) As such, when the Court makes eventual determinations based upon the Answer including its Counterclaim, as well as the settlement agreements included as exhibits, "the public deserves to see what judicial document it relied on." *Bernsten*, 307 F. Supp. 3d at 167 (citing *Lugosch*, 435 F.3d at 123).

Accordingly, the presumption of access to the documents requested to be sealed is "at its zenith," the Court must now analyze whether any countervailing concerns overcome such a high presumption of accessibility to justify the exhibits to the motion to dismiss being filed under seal. *See Greater Miami Baseball Club Ltd. P'Ship. v. Selig*, 955 F. Supp. 37, 39 (S.D.N.Y. 1997)

("Only where countervailing considerations of privacy are sufficient to overcome the presumption may the [parties] be denied access to such documents.")

### ***III. Countervailing Concerns to Overcome the Presumption***

To overcome the presumption of public access, the party seeking to seal bears the burden of showing that countervailing, "substantial interests" outweigh the presumption. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Substantial interests generally include "a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Id.* at 647. They may also "in appropriate cases, include business interests." *P&L Dev., LLC*, 2022 WL 1441999, at *2. When analyzing whether countervailing concerns outweigh the presumption of access, courts should consider the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *3 (citing *Amodeo*, 71 F.3d at 1050-51). When these factors "outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Forbes IP (HK) Limited v. Media Business Generators, S.A. de C.V.*, No. 23-CV-11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024) (citation omitted).

Here, Corporate Defendants argue only that the settlement agreements contain a "confidentiality provision that limits what the parties may publicly state" about the terms of the agreements. (ECF No. 19 at 2.) They add that "[p]ublic disclosure of such terms may impact the confidentiality terms potential partners would be willing to accept in future negotiations, or chill parties' willingness to settle matters." (*Id.* (citation modified).)

However, the "mere fact" that an agreement "includes a confidentiality provision does not, by itself," justify sealing of a judicial document. *P&L Dev., LLC*, 2022 WL 1441999, at *3; *see also Bernsten*, 307 F. Supp. 3d at 168 (finding that courts in the Southern District "have long

held that bargained-for confidentiality does not overcome the presumption of access to judicial documents."); *Posada*, 2024 WL 4728633, at *3 (finding that the "the general principle that filing under seal is consistent Second Circuit law recognizing the inherent confidentiality of settlement terms" was "insufficient to keep it secret from public access"). "Sealing is not deemed necessary by virtue of the litigants entering into a confidentiality agreement." *Cont'l Indem. Co. v. Timothy Coffey Nursery/landscape, Inc.*, No. 21-CV-0853 (JS)(JMW), 2022 WL 445533, at *4 (E.D.N.Y. Feb. 14, 2022).

The Court in *Bernsten* considered the Defendant's contentions that "failing to seal Confidential Agreements will discourage confidential private resolutions of disputes" and that "confidentiality provisions would become meaningless" if the agreements were not placed under seal. 307 F.Supp.3d at 168–69. The District Court found such arguments were insufficient to overcome a strong presumption of public access attached to the settlement agreements. *See Id.* ("Yet Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") Similarly, here, such conclusory arguments on their own do not pass muster.

Corporate Defendants cite to only one prior case in their motion, solely for the proposition that agreements "containing information revealing the terms of such contracts or the content of such confidential negotiations are among those [routinely recognized] as justifying protection from the public view when used in litigation." (ECF No. 19 at 1–2 (quoting *Capri Sun GmbH v. Am. Bev. Corp.*, No. 19-cv-01422 (PAE), 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021)). However, in *Capri Sun GmbH*, the Court considered a joint motion of the parties where "each of the documents or passages identified for sealing or redaction" contained "trade secrets, confidential research and development information, marketing plans,

revenue information, pricing information, and the like[.]" 2021 U.S. Dist. LEXIS 121094, at *2. Corporate Defendants here make no showing of the "sensitive business information" that may be revealed by maintaining public access to the settlement agreements or the descriptions within the Answer. *See P&L Dev., LLC*, 2022 WL 1441999, at *5 (finding that portions of agreements should be sealed where they contain "contain certain discrete terms" and "sensitive business information" but not where they contain only "general contractual terms"). Rather, as noted previously, Corporate Defendants rely solely on the presence of the confidentiality provisions and their claim that public disclosure of the terms will harm their efforts at future settlement negotiations. (ECF No. 19 at 2.) Without more, these arguments are insufficient for Corporate Defendants to meet their burden on this motion. *See Bernsten*, 307 F. Supp. 3d at 169.

Accordingly, the Corporate Defendants have not overcome the presumption of public access to the settlement agreements or identified excerpts of the Answer.

## CONCLUSION

Based upon the foregoing, the Corporate Defendants' Motion to Seal (ECF No. 19) is **DENIED**. Defendants shall file their Answer with Counterclaims on the public docket on or before **August 17, 2026**.

Dated: Central Islip, New York
August 11, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge