FILED
CLERK
8/24/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

PRAKASH MELWANI,

*Plaintiff*,

-against-

KISS NAIL PRODUCTS, INC., IVY ENTERPRISES, INC., YONG JIN CHANG and DAVID CHUNG,

*Defendants*.

-----------------------------------------------------------------X

**ORDER**

26-cv-03533 (GRB)(JMW)

**A P P E A R A N C E S:**

**Prakash Melwani**
2 East 28th St, Suite 136
New York , NY 10016
*Plaintiff proceeding Pro se*

Nicholas Geiger
**Cantor Colburn LLP**
20 Church Street, 22nd Floor
Hartford, CT 06103
*Attorneys for Defendants*[1]

**WICKS**, Magistrate Judge:

On August 11, 2026, this Court issued a Memorandum and Order that denied a motion to seal two previous settlement agreements between the parties and specific sections of their Answer, which includes a Counterclaim that describes those settlements (ECF No. 19). (ECF No. 25.) In relevant part, the Court concluded that the Corporate Defendants had not overcome the presumption of public access to the settlement agreements or identified excerpts of the

[1] Defendants are Kiss Nail Products, Inc. ("Kiss Nail"), Ivy Enterprises, Inc. ("Ivy", and together with Kiss Nail, the "Corporate Defendants"), Yong Jin Chang ("Y. Chang"), and David Chung ("D. Chang"). They are represented by counsel but solely the Corporate Defendants make this application.

Answer, and thus, their motion had to be denied. (ECF No. 25 at 9-10.) Now before the Court is the Corporate Defendants' application for limited reconsideration (ECF No. 26), and Pro se Plaintiff's reply in support (ECF No. 27). For the reasons that follow, Corporate Defendants' Motion for Reconsideration (ECF No. 26) is **GRANTED**, and upon reconsideration, the Court adheres to its original decision with the limited exception that the Answer with Counterclaims may be filed with the settlement amounts redacted.

## LEGAL FRAMEWORK

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked. Loc. Civ. R. 6.3. Failure to comply with these requirements warrants denial of the motion. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment.").

Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). Notably, parties may not advance or present new facts, issues or arguments that were not on the original motion. *See Guotaiqixing Biomedical Int'l (S) Pte. Ltd. v. Dai*, No. 24-CV-03142 (ER), 2026 WL

408031, at *2 (S.D.N.Y. Feb. 13, 2026); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, or otherwise taking a second bite at the apple). Put simply, a reconsideration motion is not appropriate to simply secure a "do-over." *See Schansman v. Sberbank of Russia PJSC*, No. 19-CV-2985 (ALC) (GWG), 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (collecting cases) (Parties are "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.")

Reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). The question, therefore, is whether any of these grounds have been met. And, it is also within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024). Reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." *In re Bouka*, 654 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)). Thus, "[a] narrow application of the rule not only 'helps [] to ensure the finality of decisions,' but also 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Id.* (internal citation omitted).

Keeping these principles in mind, the Court considers the instant motion.

**DISCUSSION**

Corporate Defendants seek reconsideration of this Court's August 11, 2026 Memorandum & Order (*see* ECF No. 25) which denied their motion to seal their Answer with Counterclaim that contained the parties' previous settlement agreements (ECF No. 19). They seek limited reconsideration "with respect solely to the payment amount reflected in the settlement documents and the Answer and Counterclaims, and Defendants respectfully request that they be allowed to redact only those portions of the Answer and Counterclaims and associated exhibits that set forth that settlement amount." (ECF No. 25 at 1.) Corporate Defendants aver that the settlement amounts are sensitive and may disadvantage them in future settlement discussions in similar trademark cases. (*Id.* at 2.) Plaintiff joins in on the application, arguing that he too would be "equally disadvantaged in future settlement negotiations … unless these settlement amounts are redacted." (ECF No. 27 at 1.)

Plaintiffs move the Court for reconsideration under Local Rule 6.3. (ECF No. 26 at 1.) Local Rule 6.3 states "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged. There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." *See* Loc. Civ. R. 6.3. Here, the motion is timely as the motion was made within fourteen days of the Court's August 11, 2026 Order. However, the motion remains procedurally deficient as there is no notice of motion and only that of what appears to be a memorandum of law in support. (*See* ECF No. 26.) For purposes of efficiency and not delaying

the filing of the pleadings further, the Court deems this procedurally proper solely for this application.[2]

"The standard for granting a motion for reconsideration is strict: 'reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Cuomo v. Off. of the New York State Att'y Gen.*, 727 F. Supp. 3d 231, 234 (E.D.N.Y. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Courts have granted relief similar to that sought here, namely, a narrowly tailored application to seal or redact the settlement amount. The Court has also found numerous cases for this very proposition. *See e.g.*, *Acun v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 18-CV-07217 (GBD)(SN), 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020), *report and recommendation adopted*, No. 18-CV-7217 (GBD)(SN), 2020 WL 995887 (S.D.N.Y. Mar. 2, 2020), *aff'd sub nom. Acun v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 852 F. App'x 552 (2d Cir. 2021) (concluding that "the transcript of the settlement conference[] should be unsealed, with the exception that the dollar amount of the settlement shall remain under seal and redacted in public filings"); *Hadzijic v. Art Food LLC*, 801 F. Supp. 3d 231, 234–35 (S.D.N.Y. 2025) (denying sealing as to a term sheet but making an exception for the settlement amount) ("And we accept that revealing this amount might well inspire copycat litigation. Thus, the public's interest in learning that dollar amount is outweighed by defendants' privacy interests …"); *Thomas v. City of New York*, No. 19-CV-4791 (NGG)(VMS), 2025 WL 2671298, at *2 (E.D.N.Y. Sept. 18,

[2] Counsel for Defendants is on notice that compliance with the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, and the undersigned's Individual Practice Rules must be followed.

2025) ("Consistent with these interests, courts have allowed the redaction of particularly sensitive terms of settlement agreements from the public record"); *George & Co. LLC v. Spin Master US Holdings, Inc.*, No. 19-CV-4391 (DG)(SJB), 2023 WL 8259000, at *2 (E.D.N.Y. Nov. 29, 2023) (denying motion to seal with the exception that "only portions of the documents that may be redacted are the monetary amounts"); *De Kafati v. Kafati Kafati*, No. 22-CV-9906 (VSB), 2022 WL 17552457, at *2 (S.D.N.Y. Dec. 9, 2022) ("courts have required the relevant settlements agreement be made public but permitted redaction of the sum of the settlement").

Accordingly, the Court finds that the privacy interests of the parties coupled with the fact that only the settlement amount would be redacted, warrants permitting the limited sealing and such a decision is in line with the above cases.

## CONCLUSION

For the reasons stated herein, the Corporate Defendants' Motion for Reconsideration (ECF No. 26) is **granted,** and the Court adheres to its original decision with the limited exception that the Answer with Counterclaims may include redacted portions of the settlement amount found at (i) paragraph 37 of the Counterclaim (ECF No. 19-1 at 31); (ii) paragraph 3 of the settlement agreement (ECF No. 19-2 at 2); and (iii) paragraph 3 of the amended settlement agreement (ECF No. 19-3 at 2). The pleading shall be filed on or before **August 28, 2026**.

Dated: Central Islip, New York
August 24, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge